IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RONALD DAVID JONES,

    Plaintiff,

vs.                                    Case No. 4:15cv622-RH/CAS

GARBAGE TRUCK OPERATORS,

    Defendant.

_____/


## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has filed three more cases (case numbers 4:15cv620, 4:15cv621, and 4:15cv622) after the dismissal of thirteen prior cases, dismissed in December 2015.[1] Plaintiff has filed a § 1983 civil rights complaint, ECF No. 1, an in forma pauperis motion, ECF No. 2, and a motion requesting the appointment of counsel, ECF No. 3.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is not employed, is divorced with two children, has no

---

[1] The cases recently dismissed are: 4:14cv332; 4:15cv61; 4:15cv82; 4:15cv83; 4:15cv85; 4:15cv86; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv117; and 4:15cv119. Five other cases were dismissed in March 2015: 4:15cv76; 4:15cv80; 4:15cv84; 4:15cv87; and 4:15cv116.

automobile, and regularly receives money from family or friends to pay the utility bill and, presumably, for food and clothing.  ECF No. 2.  Good cause having been shown, Plaintiff's in forma pauperis motion, ECF No. 2, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as required by the local rules of this Court.  N.D. Fla. Loc. R. 5.7(A).  Nevertheless, the complaint has been reviewed to determine whether service should be directed, an amended complaint should be filed, or the case should be dismissed as insufficient to state a claim.

Plaintiff's complaint alleges that on November 11, 2015, unidentified "Garbage Truck Operators for the City of Quincy intentionally and illegally dump[ed] raw sewage and filthy debris directly in front of" Plaintiff's house.[2]  ECF No. 1 at 1.  He seems to further explain that the garbage collector "sometimes take[s] the garbage out of the two trash canisters at my neighbor's homes and walk[s] two block[s] carrying garbage dropping trash all along the way."  ECF No. 1 at 2.  "He does this so the garbage truck will

---

[2] Plaintiff says he does not have a trash canister in front of his house. *Id.*

not have to back-up two blocks down the road." *Id.* Plaintiff also complains that if "there is too much trash for the one guy to carry," the truck backs up two blocks "to get to he trash canisters at [his] neighbor's homes." *Id.* Finally, Plaintiff states that something sticks out from the garbage truck which put a deep scratch in Plaintiff's car. ECF No. 1 at 2. Plaintiff alleged that he "cannot park in front of [his] house when they collect the garbage." *Id.* Plaintiff asserts the actions are retaliatory, violated his civil rights, and he seeks unspecified monetary damages. *Id.*

First, Plaintiff's financial affidavit, sworn under penalty of perjury, declares that the information provided in the affidavit is "true and correct." ECF No. 2 at 5. There, Plaintiff said he did not own an automobile. *Id.* at 2. If that statement is true, then Plaintiff's allegation in the complaint is false that the garbage truck put a deep scratch in his car. ECF No. 1 at 2. Either the complaint or the financial affidavit is untrue.

Second, Plaintiff's First Amendment claim for retaliation is unsupported by any facts providing a basis for retaliation. Accordingly, the complaint fails to state a retaliation claim and must be dismissed.

Third, Plaintiff's complaint does not demonstrate a viable claim under § 1983. Even accepting Plaintiff's allegations as true that unidentified "Garbage Truck Operators . . . "intentionally" dump garbage in front of his

house after taking trash out of a canister and walking two blocks with it, that act is not a violation of Plaintiff's civil rights.  It would be annoying to have trash dropped "all along the way" as the operator takes the trash back to his truck, *Id.* at 2, but it is not unconstitutional.  This case should be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED** and the Clerk of Court shall file the complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and all other pending motions[3] be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff filed a motion requesting the appointment of counsel, ECF No. 3, at the same time he filed the complaint.  It is possible that Plaintiff may submit additional motions prior to the time a ruling is entered on this Report and Recommendation.

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**